IN THE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT COURT OF ILINOIS

| | | |
|---|---|---|
| THOMAS POWERS | ) | |
| PLAINTIFF | ) | |
| VS. | ) | CASE NO. |
| JAMES CLAYTON et al; | ) | |
| DEFENDANTS | ) | JURY DEMAND |

---

<u>42 USC 1983</u>

<u>CIVIL RIGHTS COMPLAINT</u>

CIVIL RIGHTS AMENDED COMPLAINT
PURSUANT TO 42 U.S.C. 1983

I.

JURISDICTION

1. JURISDICTION OF THIS MATTER IS PREDICTED UPON U.S.C. 1331 AND 1343 WHICH PROVIDES ORGINAL JURISDICTION TO FEDERAL DISTRICT COURTS IN CIVIL ACTIONS ARISING UNDER THE UNITED STATES CONSTITUION AND CIVIL RIGHTS STATUTES OF THE UNITED STATES.

2. SUPPLEMENTAL JURISDICTION OVER THE ILLINOIS CONSTITUTIONAL LAW CLAIMS IS PROVIDED UNDER 28 USC 1367 WHICH REQUIRES FEDERAL DISTRICT COURT TO EXERCISE JURISDICTION OVER CLAIMS THAT ARE SO RELATED TO CLAIMS IN THE ACTION THEY FORM PART OF THE SAME CASE OR CONTROVERSY.

3. THE COURT HAS THE AUTHORITY PURSUANT TO 28 USC 2201 AND 2202 TO PROVIDE APPROPRIATE DECLARATORY RELIEF AS TO MATTERS PROPERLY WITHIN IT'S JURISDICTION AND HAS AUTHORITY UNDER 42 USC 1988 TO AWARD ATTORNEY FEES AND COST TO SUCCESSFUL CIVIL RIGHTS PLAINTIFFS.

II.

VENUE

4. PURSUANT 28 U.S.C. SECTION 391[A], AND 29 SECTION 1132 [e][2] VENUE IS PROPER IN THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION IN THE ALLEGED BREACH OCCURRED IN, AND THE DEFENDANTS ARE FOUND TO BE IN THE DISTRICT.

## PARTIES

5. THE PLAINTIFF THOMAS POWERS, WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A CITIZEN OF THE UNITED STATES OF AMERICA, AND REGISTERED VOTER OF SCHUYLER COUNTY, AND AS SUCH IS GUARANTEED ALL THE RIGHTS, PRIVILEGES, AND IMMUNITIES SAI GUARDS AND PROTECTIONS SET FORTH IN THE UNITED STATES CONSTITUTIONAL AMENDMENT PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

6. DEFENDANT JOSEPH HANKINS, WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A PUBLIC SERVICE ADMINISTRATOR [HEREIN AFTER PSA], AND AS SUCH HAS PLAYED A DIRECT HANDS ON ROLE OF PERSONAL INVOLVEMENT IN THE CONDUCT COMPLAINED HEREIN. THIS DEFENDANT WAS FULLY RESPONSIBLE FOR COMPLYING WITH ALL STATE AND FEDERAL LAWS, AS WELL AS ENSURING THOSE IN WHICH HE SUPERVISES ADHERE TO THEM AS WELL, WHILE EXERCISING PROFESSIONAL JUDGEMENT, AND ENSURING THAT HIS STAFF ADHERE TO THE SAME. THIS DEFENDANT PERSONALLY ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN AS AN EMPLOYEE OF THE STATE OF ILLINOIS WHILE IN THE COURSE AND SCOPE OF HIS DUTIES AND UNDER" THE COLOR OF LAW" AND IS SUED IN HIS INDVIDUAL CAPACITY.

7. DEFENDANT JAMES CHRISTOPHER CLAYTON, WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT THE INTERNAL SECURITY INVESTIGATOR 1, AND AS SUCH WAS RESPONSIBLE FOR INVESTIGATIVE WORK FOR THE DIRECTOR, DEPARTEMNT BOARD OR COMMISSION: COMPLILING AND GATHERING RELEVANT FACTS PERTAINING TO CASES FOR INVESTIGATION: CONDUCTING INQUIRIES AND INVESTIGATIONS OF INSTANCES OF CONFLICTS OF INTEREST OF MALFEASENCE OF EMPLOYEES WITHIN THE AGENCY. THIS DEFENDANT WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT ACTING IN THE COURSE AND SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE STATE OF ILLINOIS UNDER " COLOR OF LAW" WHEN COMMITTING THE ACTS COMPLAINED OF HEREIN, AND IS SUED IN HIS INDIVIDUAL CAPACITY.

8. DEFENDANT GREGG SCOTT, IS THE ACTING FACILITY DIRECTOR OF THE ILLINOIS DEPARTMENT OF HUMAN SERVICE TREATMENT AND DETENTION FACILITY, AND AS SUCH WAS FULLY RESPONSIBLE FOR ENSURING AND PROVIDING ADEQUATE SERVICES WERE BEING RENDERED AND MADE AVAILABLE, IN ADDITION TO ADHERING TO AND ENSURING THAT HE AND HIS STAFF ADHERED TO ALL STATE AND FEDERAL LAWS, AS WELL AS CARRYING OUT THEIR ACTIONS, AND RESPONSIBILITIES WITHIN THE FRAMEWORK OF ACCEPTABLE PRACTICES OF CONDUCT GUIDED BY PROFESSIONAL JUDGEMENT, THIS DEFENDANT ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN WHILE IN THE COURSE AND SCOPE OF HIS EMPLOYMENT AND UNDER THE "COLOR OF LAW" AND IS SUED IN HIS INDIVIDUAL CAPACITY.

9. DEFENDANT JOHN AND JANE DOE'S, ASCERTAINED BY AND THROUGH DISCOVERY WERE AT ALL TIMES RELEVANT TO THIS COMPLAINT EMPLOYEES OF THE ILLINOIS DEPARTMENT OF HUMAN SERVICES TREATMENT AND DETENTION FACILITY, AND AS SUCH WERE FULLY RESPONSIBLE TO FOLLOW AND ADHERE TO ALL STATE AND FEDERAL LAWS, AND WERE REQUIRED TO EXERCISE PROFESSIONAL JUDGEMENT WHILE PERFORM-ING THIER DUTIES AS EMPLOYEES OF THE STATE. EACH OF THESE DEFENDANT'S ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT UNDER THE "COLOR OF LAW" AND ARE SUED IN THEIR INDIVIDUAL CAPACITY.

FACTS:
10. Plaintiff is a post expiration prisoner.
11. Plaintiff has served his criminal sentence and paid his punitive debt to society.
12. Plaintiff has no pending criminal charges.
13. Plaintiff is not civilly committed
14. Plaintiff has no outstanding warrants.
15. Plaintiff is a registered voter of Schuyler County, Illinois.
16. Plaintiff has a constitutional right to peaceable petition for legal redress.
17. Even prisoner's while serving their punitive sentences designed to specifically to punish them for their criminal acts, continue to maintain their fundamental rights to peaceable petition for legal redress.
18. Even prisoners have a constitutional right of access to the courts to present any cmplaints they might have concerning their confinement.
19. Even prisoners cannot be disciplined in any mammer for making a rea-sonable attemppt to exercise that right.

3.

20. In the matter Powers v. Hankins, 13CV3097 of this Honorable Court, the Plaintiff has suffered ongoing retaliation by the included defendants for filing grievances and for the civil rights action of Powers v. Hankins 13CV3097.

21. Defendants Joseph Hankins, Gregg Scott and James Clayton have continued to retaliate against the Plaintiff in this Treatment Center thereofore violating Plaintiff's right to be free retaliation for filing and accessing the courts.

22. Defendant James Clayton has also retaliate against the Plaintiff and continously has violated plaintiff's right to redress and peaceably petition the courts for filing another civil rights action of the matter of Powers v. Jumper Case No 13-3057 opf this Honorable Court.

23. The Continous Harm Doctrine in the matter of Heard v. Sheahen, 253 F3d 316, at 320 applys to this case.

24. The Plaintiff continues to suffer irreparable harm, financial injury and emotional injury causing a great amount of stress to the plaintiff within this treatmentcenter.

25. Plaintiff has diligently sought to seek a solution to all of the afforementioned. Plaintiff has been reasonable and has throughly exhausted his administrative remedies only to experience further exclusion from his access to the courts, but also ongoing retaliation for his meritorious efforts of seeking redress grievances in direct violation of his Federally protected rights secured and protected by the United States Constitutional Amendments.

26. As a direct and proximate result, the plaintiff has been impeded, disenfranchised, retaliated against and genuinely injured by the intentional deprivation of his Constitutional rights by the Defendant's actions as detailed.

COUNT ONE

Plaintiff realleges paragraphs one through twenty six.

27. Defendant James Clayton at all times relevant to this case was personally responsible for the policies, practices and regulation of the Illinois Department of Human Service Treatment and Detention Facility.

28. This Defendant personally engaged in the following conduct as an employee of th eState of Illinois.

29. On March 14 2014 and 17th of 2014, Defendant Clayton writes a behavior

4.

report for sexual misconduct, horseplaying and violation of rules with sole intent to retaliate against the plaintiff for filing civil rights actions against Clayton (13-3057 and 13-3097).

30. On June 20, 2014 Defendant Clayton interferring with Plaintiff's Detention of the matter of In re; The Detention of Thomas Powers 12MR419, Winnebago County by once again confiscating Plaintiff's Discovery Disk, as he did on October 26, 2012, done in retaliation of civil rights actions.

31. On August 6, 2014 Clayton threatens the plaintiff for assisting Resident Felts in the matter of Felts vs. Kiehn Case no. 14CV3146 of this Honorable Court. Clayton put plaintiff in special management for assisting other residents in accessing the courts.

32. Clayton threatened the plaintiff over and over stating if "You do not stop getting involved with Resident Felts and assisting other residents that he will make the plaintiff's life miserable".

33. Also on August 6, 2014 Clayton, STA 2 Kulhan and STA1 Rose at approximately 1400-1530 come into my cell shake it down, leave it in total disaray and confiscate legal material, this act has caused me great emotional and financial stress, potential legal injury, all done in retaliation for filing the civil rights actions against him.

34. Clayton has continued to retaliate against me shaking me down having the cadet training school come into my cell and tear up again, this was done on September 22, 2014.

35. Clayton with malicious intent has retaliated against for filing grievances and civil rights actions against him, abusing his administrative powe, lacking in professional judgement, in violation of my first, fifth and fourteenth amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgement in the amount awarded to Plaintiff against Clayton individually and officially, actual, punitive, nominal damages past, present and future with interest and whatever additional relief this Honorable Court deems equitable and just.

## COUNT TWO

Plaintiff realleges paragraphs one through twenty-six.

36. Defendant Public Service Administrator Joseph Hankins at all times relevant to this case was personally responsible for the policies, practice and regulations of the Illinois Department of Human service Treatment and Detention Facility.

5.

37. This Defendant personally engaged in the following conduct as employee of the State of Illinois.

38. On November 11, 2013 Hankins in charge of the Rooming Committee interferred with the prescribed treatment of Doctor Bingum and Dr. Lochard by moving the Plaintiff from his designated American Disability Cell (ADA) by denying the plaintiff his prescribed treatment of toilet riser and hand rails due to left hip surgery and lower back problems, this interference caused the plaintiff a lot of pain and was done in retaliation of the civil rights of Powers v Hankins Case no 13CV3097.

39. On December 10, 2013 Defendant Hankins purposely and with deliberate intent puts a violent sexual predator William Wriston into my cell, who has numerous writeups for resident on resident sexual violence. This was done by Hankins in retaliation and to cause great emotional stress.

40. On March 20, 2014 Hankins personally saw to it that the plaintiff was found guilty of the March 14, 2014 incident on Central yard which involved Defendant Clayton writing a false behavior report out of intent to punish Plaintiff for filing the civil rights actions and sole intent to comspire with the Attorney General's office to find the Plaintiff guilty as a Sexual Violent Person.

41. On June 9, 2014 Hankins personally saw to it that the June 2, 2014 incident with Nurse Anderson not following Doctor's orders finding the Plaintiff guilty for another false behavior report by notviewing the video showing the report was falsely written and Hankins sole intent to retaliated and punish the Plaintiff acting in conspiracy with Attorney General to find the Plaintiff a SVP.

42. On August 8, 2014 with an "extra cuff" order in place for court writs hospital writs. Hankins finds me guilty of Interferring with Facitlity Operations and manipulates nursing staff to lie as Dr. Lochard's representative that the cuffs were rescinded. Per Dr. Lochard on August 21, 2014, he never rescinded the extra cuffs and was never talked with.

43. Hankins once again interferring with physician ordered treatment to cause me a wanton infliction of pain and done inretaliation for the civil rights action.

44. On August 14, 2014 Hankins finding me guilty of another behavior report, by Chaplain liason Joshua Billingsley "for Praying". This was done in retaliation and working in conspiracy with the Attorney General to find me guilty as a SVP in the Detention of Thomas Powers Case no 12 MR419 of Winnebago County.

45. Hankins with malicious intent has retaliated against me for filing grievances and civil rights actions against him, abusing hsi administrative power, lacking in professional judgement, in violation of my first, fifth and fourteenth amendments of the United States Constitution.

WHEREFORE, plaintiff demands judgement in the amount awarded to Plaintiff against Hankins individually and officially, actual, punitive, nominal damages past, present and future with interest and whatever additional relief this Honorable Court deems equitable and just.

## COUNT THREE

Plaintiff realleges paragraphs one through twenty-six.

46. Defendant Gregg Scott at all times relevant to this case was personally responsible for the policies, practices and regulations of the Illinois Department of Human Services Treatemnt and Detention Facility.

47. Defendant Scott personally engaged in the following conduct as an employee of the State of Illinois.

48. Gregg Scott continues to deny the Plaintiff an adequate law library. Plaintiff has minimal time in an inadeguate law library, Scott refuses to create a legal deadline board, refuses to allow residents s as law clerks and has now implemented an unwritten policy that only allows one person can be in the law library to use the computer or electronic file so legal papers are not exchanged or any type of legal strategy is talked about.

49. Gregg Scott refuses to allow the plaintiff to shepardize cases.

50. Gregg Scott has implemented a shakedown policy on myself every Saturday to see if there is any exchange of legal papers when I am attending my religious service, delaying my service ten to fifteen minutes.

51. These acts are done by Scott because of my filing civil actions against him and helping others.

52. The shakedowns been ordered by Scott every Saturday since December 14, 2013.

7.

58. Scott has personally denied my library time since September 5, 2014.

59. Reemphasizing thes acts are done in retaliation for assisting others and filing the civil rights actions against him.

60. Scott's malicious intent in turning a blind eye to Hankins and Clayton's retaliatory acts in addition to deprive the plaintiff an adequate law library and further impeded in access the courts by ordering shakedowns and by retaliating because of the civil actions plaintiff has done, lacks professional judgement in violation of Plaintiff's first, fifth and fourteenth amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgement in the amount awarded to plaintiff against Scott individually and officially actual, punitive, nominal damages past, present and future with interest and whatever additional relief this Honorable Court deems equitable and just.

Before the undersigned authority on this day personally appeared Thomas Powers, who after being duly sworn on oath deposed and stated all the aforementioned.

This is a true and correct statement which did occur and I am willing to testify in this Honorable United states District Court under the penalty of perjury to all the facts contained herein.

JURY DEMAND
---

Subscribed and sworn to before me on this 2nd day of October, 2014.

_____
NOTARY PUBLIC

**OFFICIAL SEAL**
**ERIN ROBERTSON**
Notary Public – State of Illinois
My Commission Expires July 22, 2018

Thomas Powers
1680 E. County Farm Road
Rushville, Illinois 62681
217-322-3204

8