UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS POWERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 14-CV-3306 |
| JAMES CLAYTON, et al., | ) ) ) | |
| Defendants. | ) ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging retaliation for the exercise of his First Amendment rights.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

## Allegations

Plaintiff alleges that the Defendants denied him access to the law library, ordered cell shakedowns, reassigned cellmates, interfered with medical treatment, and issued false disciplinary reports in retaliation for a previous lawsuit Plaintiff filed against said Defendants.

## Analysis

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff alleges that Defendant Clayton retaliated against him because Plaintiff was assisting other inmates in the law library. Plaintiff alleges that Defendant Clayton threatened him by stating that he (Defendant) would "make [Plaintiff's] life miserable" if Plaintiff continued with said conduct. Plaintiff alleges a series of cell shakedowns ensued as a result. Accordingly, the Court cannot rule out a constitutional claim for retaliation against Defendant Clayton. Cf. Higgason v. Farley, 83 F.3d 807, 810 (7th Cir. 1996) ("If a prisoner is transferred for exercising his own right of access to the courts, or for assisting others in exercising their right of access to the courts, he has a claim under § 1983." (citations omitted)).

Next, Plaintiff alleges that Defendant Scott denied him access to the law library in retaliation for a previous lawsuit Plaintiff filed

against him.  Plaintiff's claim of denial of access to the law library could be an independent claim under § 1983, but not as alleged because Plaintiff has failed to allege "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). Nevertheless, a claim for retaliation does not require that the alleged acts of retaliation arise to the level of a constitutional violation. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000). "[A] complaint need only allege a chronology of events from which retaliation may be inferred." Id.  Plaintiff has alleged that Defendant Scott has continuously denied him adequate access to the law library, and has instituted several policies designed to limit access.  The Court cannot rule out a constitutional claim for retaliation against Defendant Scott.

Finally, Plaintiff alleges that Defendant Hankins interfered with Plaintiff's prescribed medical treatment by moving him to a non-ADA compliant cell, and intentionally assigning Plaintiff to share a cell with an inmate with a known history of sexual violence against fellow residents.  Plaintiff alleges these actions were taken

in retaliation for a previous lawsuit filed against Defendant Hankins. Based on these allegations, the Court cannot rule out a constitutional claim for retaliation against Defendant Hankins.

To the extent that Plaintiff seeks to challenge the issuance of disciplinary reports, and the alleged falsity of the allegations contained therein, Plaintiff's claims would be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Supreme Court held that a prisoner may not challenge the fact or duration of confinement in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." <u>Id.</u> at 489. The Supreme Court later extended the <u>Heck</u> doctrine to apply to prison disciplinary hearings. See <u>Edwards v. Balisok</u>, 520 U.S. 641, 644-49 (1997); <u>Lusz v. Scott</u>, 126 F.3d 1018, 1021 (7th Cir. 1997) ("The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge…." (citations omitted)). Because Plaintiff challenges the validity of the disciplinary reports, and further alleges that the Defendants engaged in said conduct in an effort to continue his confinement at Rushville TDF, his claims related to the disciplinary reports and hearings are barred.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is granted (d/e 3). Pursuant to a review of the Complaint, the Court finds that Plaintiff states a federal constitutional claim for retaliation related to the denial of access to the law library, cell shakedowns, and cellmate reassignment only. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

3. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel

within 60 days of the entry of this order, Plaintiff may file a motion requesting the status of service.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge

that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND, 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE.**

ENTERED: February 2, 2015

FOR THE COURT:

            *s/Sue E. Myerscough*
            SUE E. MYERSCOUGH
            UNITED STATES DISTRICT JUDGE